UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LORETTA LUCERO,**

      Plaintiff,

      v.                                                                **CIVIL NO. 00-562 DJS/RLP**

**GREG GREENLEE, personally and in his**
**official capacity, and the BOARD OF COUNTY**
**COMMISSIONERS OF THE COUNTY OF QUAY,**

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court upon Defendant Board of County Commissioners of the County of Quay (Defendant's) Motion to Dismiss filed June 18, 1999 (Docket No. 11). Pursuant to 28 U.S.C. 636(c), Fed.R.Civ.P. 73, and the parties' consent (Docket Nos. 4,6) this case has been assigned to a Magistrate Judge for final disposition.

      Plaintiff has brought this action for damages pursuant to 42 U.S.C. §1983 with pendant state tort claims. Plaintiff asserts that Defendant Greenlee submitted materially false affidavits in support of two search warrants of her home. Plaintiff further contends that Defendant Greenlee caused her to be arrested and charged with various drug trafficking offenses, all without probable cause. She avers that Defendant Greenlee subjected her to the torts of assault, battery, false imprisonment, false arrest, and malicious abuse of process.

      The only allegations in the complaint relating to the Defendant Board of County

1

Commissioners are Plaintiff's assertion that it is liable for Greenlee's actions that resulted in torts under New Mexico law. Complaint, ¶5. Defendant argues that, pursuant to Fed.R.Civ.P. 12(b)(6), any claims pursuant to 42 U.S.C. §1983 against it must be dismissed, as that allegation is insufficient to support such a claim.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, in passing on a motion to dismiss, the allegations of the complaint must be construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "It is well-established, however, that in determining whether to grant a motion to dismiss, the district court...[is] limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." Jojola v. Chavez, 55 F.3d 488, 494 (10th Cir. 1995) (citing Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir.1993) (in reviewing an order granting a motion to dismiss, a court of appeals "confin[es] [its] review to the allegations of the complaint")).

To succeed on a complaint under §1983, Plaintiff must allege some personal involvement by each defendant in the constitutional violation. Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir.1996). A civil rights action against a state official may not be based solely on a theory of *respondeat superior* liability for the actions of workers supervised by the official. Id. Plaintiff avers no facts alleging that Defendant Board of County Commissioners were aware of Defendant Greenlee's actions or that those actions were pursuant to a policy or custom propagated or permitted by the Board.

The provisions of 42 U.S.C. §1983 only apply to persons who both deprive others of a right secured by the Constitution or laws of the United States and act under color of a state statute,

ordinance, regulation, custom or usage. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970) (cited in Carey v. Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir. 1987)). A supervisor is not liable under §1983 unless an affirmative link exists between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). However, a supervisor or municipality may be held liable where there is essentially a complete failure to train, or training that is so reckless or grossly negligent that future misconduct is almost inevitable. Id. (citations omitted). Unless a supervisor has established or utilized an unconstitutional policy or custom, a plaintiff must show that the supervisory defendant breached a duty imposed by state or local law which caused the constitutional violation. Id. Plaintiff has pleaded no allegations regarding any such facts. Consequently, Defendant's motion to dismiss should be granted.

**IT IS THEREFORE ORDERED** that Defendant Board of County Commissioners of the County of Quay Motion to Dismiss is granted and Plaintiff's claims pursuant to 42 U.S.C. §1983 against that entity are dismissed.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**